```
 1  André E. Jardini (State Bar No. 71335)
    aej@kpclegal.com
 2  KNAPP, PETERSEN & CLARKE
    500 North Brand Boulevard, 20th Floor
 3  Glendale, California 91203-1904
    Telephone: (818) 547-5000/Facsimile: (818) 547-5329
 4
    Joshua M. Merliss (State Bar No. 073416)
 5  3580 Wilshire Boulevard, #1800
    Los Angeles, CA 90010
 6  Telephone: (213) 739-7000/Facsimile: (213) 386-1671

 7  Michael S. Duberchin (State Bar No. 108338)
    msdlaw@earthlink.net
 8  LAW OFFICES OF MICHAEL S. DUBERCHIN
    500 North Brand Boulevard, 20th Floor
 9  Glendale, CA 91203
    Telephone: (818) 246-8487/Facsimile: (818) 246-6277
10
    Attorneys for Plaintiffs
11  JESS BATIZ and KEVIN HEINE, on behalf of
    themselves and all others similarly situated
12
```

LODGED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESS BATIZ; KEVIN HEINE; PATRICIA ADKINS; GARY G. ALBRIGHT; ROBERT BASCUE; JONATHAN BEM; DELORES BRYANT; BILL BUTSON; HELEN DAVIS; CHERYL EDWARDS; KIMBERLY ELLIS; KATHY HAMILTON; WILLIAM HAMILTON; SHAWN HAND; VAN HANKINS; RALPH HARPER; CASSANDRA INGRAHAM; ARLAN JUNE; ADEBOLA KANNIKE; DANTE KNIGHTON; JAMES LAWRENCE; AMBER LAWSON; CHARLES MacNICHOLL; JOHN MAHLER; JEROME McKNIGHT; NICOLE NABINETT; DON NALLEY; GORDON NARAYAN; JOVAN THOMPSON; ERIKA TINOCO; NICHOLAS VACCARO; HENRY WARE; AIDA YILMA; and DANNY YING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br>//// | NO.   EDCV 06-00566 VAP (OPx)<br><br>[~~PROPOSED~~] FOURTH AMENDED COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARD ACT (29 U.S.C. § 201 et seq.)<br><br>CLASS ACTION |

KNAPP, PETERSEN & CLARKE

-1-

544200.1  08000/00841

AMERICAN COMMERCIAL )
SECURITY SERVICES; ABM )
INDUSTRIES, INCORPORATED, ABM )
SECURITY SERVICES; SECURITY )
SERVICES OF AMERICA, )
)
    Defendants. )
_____ )

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under "the constitution, laws or treaties of the United States," specifically, the claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201, et seq. ("FLSA").

## VENUE

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts, events, or omissions giving rise to the action occurred in this District.

## PARTIES

3. Plaintiff, JESS BATIZ ("Plaintiff") is a citizen of the State of California and lives in the County of Los Angeles.

4. Plaintiff KEVIN HEINE is a citizen of the State of California and lives in the County of Los Angeles.

5. Plaintiff PATRICIA ADKINS is a citizen of the State of Florida and resides in Orlando.

6. Plaintiff GARY G. ALBRIGHT is a citizen of the State of Wisconsin and resides in Milwaukee.

7. Plaintiff ROBERT BASCUE is a citizen of the State of Oregon and resides in Cornelius.

8. Plaintiff JONATHAN BEM is a citizen of the State of California and resides in San Jose.

////

KNAPP,
PETERSEN
& CLARKE

544200.1 08000/00841

9. Plaintiff DELORES BRYANT is a citizen of the State of Texas and resides in Houston.

10. Plaintiff BILL BUTSON is a citizen of the State of Florida and resides in Brooksville.

11. Plaintiff HELEN DAVIS is a citizen of the State of Georgia and resides in Savannah.

12. Plaintiff CHERYL EDWARDS is a citizen of the State of California and resides in Los Angeles.

13. Plaintiff KIMBERLY ELLIS is a citizen of the State of California and resides in Long Beach.

14. Plaintiff KATHY HAMILTON is a citizen of the State of Texas and resides in Missouri City.

15. Plaintiff WILLIAM HAMILTON is a citizen of the State of Florida and resides in Plantation.

16. Plaintiff SHAWN HAND is a citizen of the State of Pennsylvania and resides in Collingdale.

17. Plaintiff VAN HANKINS is a citizen of the State of North Carolina and resides in Greensboro.

18. Plaintiff RALPH HARPER is a citizen of the State of Maryland and resides in Landover.

19. Plaintiff CASSANDRA INGRAHAM is a citizen of the State of California and resides in Hayward.

20. Plaintiff ARLAN JUNE is a citizen of the State of Georgia and resides in Sparta.

21. Plaintiff ADEBOLA KANNIKE is a citizen of the State of California and resides in Norwalk.

22. Plaintiff DANTE KNIGHTON is a citizen of the State of California and resides in Los Angeles.

KNAPP, PETERSEN & CLARKE

544200.1 08000/00841

23. Plaintiff JAMES LAWRENCE is a citizen of the State of California and resides in Monrovia.

24. Plaintiff AMBER LAWSON is a citizen of the State of Florida and resides in Lake Worth.

25. Plaintiff CHARLES MacNICHOLL is a citizen of the State of Florida and resides in Lake Worth.

26. Plaintiff JOHN MAHLER is a citizen of the State of Illinois and resides in Schaumburg.

27. Plaintiff NICHOLE NABINETT is a citizen of the District of Columbia.

28. Plaintiff JEROME McKNIGHT is a citizen of the State of California and resides in Los Angeles.

29. Plaintiff DON NALLEY is a citizen of the State of Texas and resides in Mansfield.

30. Plaintiff GORDON NARAYAN is a citizen of the State of Washington and resides in Seattle.

31. Plaintiff JOVAN THOMPSON is a citizen of the State of California and resides in Duarte.

32. Plaintiff ERICA TINOCO is a citizen of the State of California and resides in Gardena.

33. Plaintiff NICHOLAS VACCARO is a citizen of the State of Minnesota and resides in Minneapolis.

34. Plaintiff HENRY WARE is a citizen of the State of California and resides in Los Angeles.

35. Plaintiff AIDA YILMA is a citizen of the State of California and resides in Oakland.

36. Plaintiff DANNY YING is a citizen of the State of California and resides in Rosemead.

////

KNAPP, PETERSEN & CLARKE

544200.1 08000/00841

37.  Defendant ABM INDUSTRIES INCORPORATED ("ABM") is a publicly traded Delaware corporation with places of business within the State of California and the County of Los Angeles.

38.  Defendant ABM SECURITY SERVICES, INC., a California corporation, is a wholly owned subsidiary of Defendant ABM INDUSTRIES, INCORPORATED. ABM SECURITY SERVICES, INC. also does business under the names of its Sister Companies, AMERICAN COMMERCIAL SECURITY SERVICES and SECURITY SERVICES OF AMERICA (collectively "ACSS Defendants").

39.  Each Defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## CLASS ACTION ALLEGATIONS UNDER FLSA

40.  Plaintiffs herein file this action on behalf of themselves and on behalf of all other similarly situated persons currently or formerly employed throughout the United States of America by defendants ABM and ACSS to recover from Defendants unpaid overtime compensation, liquidated damages, and/or any other recovery authorized under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

41.  Plaintiffs and the Plaintiff Class are similarly situated, such that conditional certification of the class for purposes of notice to the class is warranted. Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the Class. These common questions of law and fact include:

> Whether Defendants ABM and ACSS violated the provisions of the FLSA in adopting a policy and practice of failing to pay earned wages and/or overtime wages to its employees who were required to report to work 15 minutes before the start and/or remain at the workplace 15 minutes after the end of their shift for briefing or for other

KNAPP, PETERSEN & CLARKE

544200.1  08000/00841

work without being compensated by Defendants and whether members of the class were unpaid for preshift and other meetings.

42. Plaintiffs' claims are typical of the claims of the members of the Plaintiff Class. Plaintiffs and all members of the Plaintiff Class regularly worked in excess of eight hours a day and 40 hours a week but were not paid overtime wages because Defendants ABM and ACSS had wrongfully and illegally adopted a policy and practice of requiring security personnel to report to work 15 minutes before the start of their shift and/or remain at the workplace 15 minutes after the end of their shift for briefing or for other work and meetings without paying compensation therefore, which policies and common course of conduct was in violation of law, as complained of herein. The damages to each member of the Plaintiff Class were caused directly by Defendants ABM's and ACSS's wrongful conduct in violation of the wage and hour laws alleged herein.

43. Plaintiffs will fairly and adequately protect the interest of the members of the Plaintiff Class. Plaintiffs were employees of Defendants ABM and ACSS and Defendants failed to pay wages and/or overtime wages earned to Plaintiff. Plaintiffs have retained counsel who have substantial experience in the prosecution of wage and hour cases and in the prosecution of complex class action litigation.

44. Plaintiffs propose that precertification notices be sent to the putative members as soon as is reasonably practicable. The notice should reflect the pendency of this action and allow the putative members to opt in. Plaintiffs propose that the cost of the notice be borne by Defendants. Defendants are in the best position to identify its employees and former employees.

## STATEMENT OF FACTS

45. This action is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.

////

////

KNAPP,
PETERSEN
& CLARKE

-6-

544200.1  08000/00841

46. At all times herein set forth, Defendants were employers within the definition of the FLSA, and Plaintiffs were at all times herein employees of Defendants within the definition of the FLSA.

47. At all times herein set forth, Defendants' annual gross volume of sales made or business done is not less than $500,000.

48. At all times herein set forth, Defendants employed Plaintiffs in the capacity of "security officer."

49. Plaintiffs worked during all relevant time periods wherein they were paid an hourly rate with no agreed upon pay increases and no overtime compensation for hours worked in excess of forty (40) hours per week. This schedule was referred to by supervisors as "the crack deal" representing the Defendants' acknowledgment that the policy was in fact illegal.

50. This action arises out of the prevalent practice engaged in by Defendants in willfully failing to pay wages and/or overtime wages to employees for services rendered.

51. Defendants have engaged in at least the following violations with regard to its employees:

    a. Failed to pay earned overtime wages to employees who have worked more than eight hours a day and 40 hours a week.

    b. Establishing an illegal policy and practice concerning requiring its security personnel to report to work 15 minutes before the start of their shift and/or remain at the workplace 15 minutes after the end of their shift for briefing or for other work while failing to pay wages and/or overtime wages earned thereby.

52. The conduct of Defendants has been adopted and encouraged throughout Defendants' offices nationwide for many years and has resulted in unwarranted profits to Defendants at the expense of its employees.

53. Damages are warranted to repay employees for this egregious and illegal conduct.

KNAPP, PETERSEN & CLARKE

544200.1  08000/00841

54. Defendants have established a practice to maintain employee time records. Notice is hereby given that Defendants should maintain its employee time records and not destroy them pursuant to any predetermined destruction policy.

### FIRST CLAIM FOR NONPAYMENT OF WAGES
### VIOLATION OF 29 U.S.C. § 207

55. Plaintiffs allege and incorporate herein by reference the allegations of paragraphs 1 through 54, inclusive.

56. At all times relevant herein, the Federal Labor Standards Act, 29 U.S.C. § 207, required the payment of overtime wages to all nonexempt employees, such as the members of the Plaintiff Class, for all such hours worked.

57. Plaintiffs and members of the Plaintiff Class worked overtime hours for Defendants for which they were not paid.

58. Defendants have failed to pay wages earned to Plaintiffs and members of the Plaintiff Class pursuant to the policies as herein alleged.

59. In doing all the things described and alleged, Defendants deprived Plaintiffs, and other similarly situated employees, of their rights and immunities secured to them by federal law which clearly sets forth that they were entitled to be paid overtime hours at the rates specified. Defendants knew or should have known that their reckless and/or willful and intentional failure to pay Plaintiffs overtime compensation violates these rights, privileges, and immunities.

60. As a direct and proximate result of Defendants acts and omissions, Plaintiffs, and others similarly situated, have been damaged, and are entitled to compensatory and/or liquidated damages in an amount according to proof at trial, including, but not limited to, a sum equivalent to and in addition to their unpaid compensation for the three years preceding the filing of this complaint as required by 29 U.S.C. § 216(b), as well as liquidated damages and attorneys' fees and costs.

////
////

KNAPP, PETERSEN & CLARKE

544200.1  08000/00841

61. In doing the acts herein described, Defendants have acted consciously to deprive its employees of compensation that has been earned. The acts alleged were committed willfully. The acts were committed with malice, oppression, and fraud. Punitive damages are warranted.

## SECOND CLAIM FOR RELIEF FOR WILLFUL VIOLATION OF § 207(a) OF THE FAIR LABOR STANDARDS ACT

(Against All Defendants for the Late Payment of Overtime)

62. Plaintiffs reassert and reallege paragraphs 1 through 61, above, inclusive, as though fully set forth herein and incorporate said paragraphs herein by reference.

63. Defendants, and each of them, have either recklessly or knowingly and intentionally failed and refused to compensate Plaintiffs for overtime compensation earned in a particular work period by the regular pay day for the period in which the work ended.

64. Defendants, and each of them, have delayed the payment of overtime for a period longer than is reasonably necessary for them to compute and arrange for payments of the amounts due. As set forth above, Defendant knew or should have known that Plaintiffs were working in excess of forty (40) hours per week without overtime compensation. Notwithstanding such knowledge, Defendants failed to pay Plaintiffs for overtime hours worked in a timely manner as required under the FLSA.

65. Although Defendants have been apprised of the law regarding the payment of hours covered by the FLSA, Defendants routinely failed to compensate Plaintiffs for overtime in a timely manner.

66. In doing all the things described and alleged, Defendants, and each of them, deprived Plaintiffs of their rights, privileges and immunities secured to them by federal law which clearly sets forth that Plaintiffs are entitled to be paid for overtime hours worked in a work week by the regular pay day for the period in which such work week ended. Defendants knew or should have known that their

KNAPP,
PETERSEN
& CLARKE

-9-

544200.1  08000/00841

1 | reckless and/or willful and intentional failure and refusal to pay for the overtime
2 | worked by Plaintiffs in a timely manner violates these rights, privileges and
3 | immunities.

4     67. As a direct and proximate result of Defendants' actions and inactions, Plaintiffs have been damaged, and are entitled to compensatory and/or liquidated damages in an amount according to proof, including, but not limited to, a sum equivalent to their overtime compensation which was paid late for the three (3) years preceding the date of their opt-in into the present action as required by 29 U.S.C. § 216(b), attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For injunctive relief preventing illegal conduct as alleged herein.
2. For actual, consequential, liquidated, incidental losses and compensatory damages in an amount according to proof to Plaintiffs and the members of the Plaintiff class, and each subclass;
3. For statutory penalties;
4. For an award of exemplary damages for the purpose of punishing Defendants and deterring their unlawful conduct in the future;
5. For interest on all sums awarded;
6. For reasonable attorneys' fees incurred.

Dated: October 31, 2007      KNAPP, PETERSEN & CLARKE

By: _____
André E. Jardini
Attorneys for Plaintiffs
JESS BATIZ and KEVIN HEINE,
on behalf of themselves and all
others similarly situated

KNAPP, PETERSEN & CLARKE

-10-

544200.1 08000/00841

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 500 North Brand Boulevard, 20th Floor, Glendale, California 91203-1904. On November 1, 2007, I caused the foregoing document(s) described as [PROPOSED] FOURTH AMENDED COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARD ACT (29 U.S.C. § 201 et seq.) to be served on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached mailing list.

[X]  **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 1, 2007, at Glendale, California.

Mindy Menahen
(Type or print name)                    *Mindy Menahen* (Signature)

537639.1 08000/00841

**SERVICE LIST**

Michael S. Duberchin Esq.
Law Offices of Michael S. Duberchin
500 North Brand Boulevard
20th Floor
Glendale, CA 91203
TEL: (818) 246-8487
FAX: (818) 246-6277

Joshua M. Merliss, Esq.
Law Offices of Joshua M. Merliss
3580 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90010
TEL: (213) 739-7000
FAX: (213) 386-1671

J. Kevin Lilly, Esq.
Keith A. Jacoby, Esq.
Dominic J. Messiha, Esq.
LITTLER MENDELSON
2049 Century Park East
5th Floor
Los Angeles, CA 90067
TEL: (310) 553-0308
FAX: (310) 553-5583

537639.1 08000/00841