**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 06-00566-VAP(OPx)                    Date:  March 10, 2011

Title:      JESS BATIZ, et al. -v- AMERICAN COMMERCIAL SECURITY
            SERVICES; ABM INDUSTRIES, INCORPORATED; ABM SECURITY
            SERVICES; SECURITY SERVICES OF AMERICAN
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

            Marva Dillard                        None Present
            Courtroom Deputy                     Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

        None                                 None

PROCEEDINGS:       MINUTE ORDER GRANTING IN PART AND DENYING IN
                   PART DEFENDANTS' MOTION TO DISMISS DONTAE
                   KNIGHTON'S AND DELORES BRYANT'S CLAIMS (IN
                   CHAMBERS)


    Before the Court is a "Motion to Dismiss Dontae Knighton and Delores
Bryant's Claims for Failure to Comply with a Court Order" ("Motion") filed by
Defendants American Continental Security Services, ABM Industries, Inc., ABM
Security Services, and Security Services of America (collectively, "Defendants").
After consideration of the papers in support of, and opposition to, the Motion, and
arguments advanced by counsel at the March 7, 2011, hearing, the Court GRANTS
in part and DENIES in part Defendants' Motion.

MINUTES FORM 11                          Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                    Page 1

EDCV 06-00566-VAP(OPx)
JESS BATIZ; KEVIN HEINE v. AMERICAN COMMERCIAL SECURITY SERVICES; ABM INDUSTRIES, INCORPORATED; ABM SECURITY
SERVICES; SECURITY SERVICES OF AMERICAN
MINUTE ORDER of March 10, 2011

# I.  BACKGROUND

The parties are familiar with the factual and procedural history of this action, and the Court need not repeat it here, with limited exception.[1]  On January 17, 2008, the Court conditionally certified a nationwide class consisting of "[a]ll current or former nonexempt employees of [Defendants], who . . . worked more than forty hours in one work week and failed to receive overtime compensation . . . ."  (Doc. No. 106 ("Order Granting in Part and Den. in Part Pls.' Mot. for Conditional Class Certification") at 16.)

On September 22, 2010, the Court decertified the conditionally-certified class, dismissed the opt-in Plaintiffs without prejudice, and permitted the named Plaintiffs, including Dontae Knighton ("Knighton") and Delores Bryant ("Bryant") to proceed as individual Plaintiffs.  (See Doc. No. 225 at 8-10.)

On September 28, 2010, the Court held a status conference and ordered, inter alia: (1) by November 12, 2011, Plaintiffs to submit a document to Defendants containing the names of those persons who wish to continue to prosecute their claims as Plaintiffs in an individual capacity; (2) "Defendants may conduct one additional deposition of each of the individual Plaintiffs not already deposed, [which] . . . shall not exceed three hours per deponent"; and (3) the parties to attend a mediation no later than January 14, 2011, with all named Plaintiffs appearing in person or by telephone.  (Doc. No. 229 ("October 12, 2010, Order") at 2.)

On January 6, 2011, Defendants' counsel, Courtney Hobson, sent an electronic mail message ("e-mail") to Plaintiffs' counsel, K.L. Myles, to schedule Mr. Knighton's and Ms. Bryant's depositions.  (Doc. No. 237-2 (Hobson Decl., Ex B.); Doc. No. 241 (Myles Decl.), Ex. 2.)

---

[1]  See Doc. No. 225 (Sept. 22, 2010, Order) at 2-5 (describing the factual and procedural history in additional detail).

MINUTES FORM 11                                         Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                          Page 2

EDCV 06-00566-VAP(OPx)
JESS BATIZ; KEVIN HEINE v. AMERICAN COMMERCIAL SECURITY SERVICES; ABM INDUSTRIES, INCORPORATED; ABM SECURITY
SERVICES; SECURITY SERVICES OF AMERICAN
MINUTE ORDER of March 10, 2011

In Ms. Hobson's Declaration, she represents that Mr. Knighton's counsel informed her that Mr. Knighton would be available to appear at a deposition on January 19, 2011.  (Hobson Decl. ¶ 14.)  On January 13, 2011, Defendants' counsel noticed Mr. Knighton's deposition for January 19, 2011.  (Hobson Decl., Ex. C.)  On January 18, 2011, at 4:28 p.m., however, Grace Corsini, a paralegal with Plaintiffs' counsel's firm notified Defendants' counsel that Mr. "Knighton's deposition w[ould] not be going forward tomorrow, January 19, 2011."  (Hobson Decl., Ex. D.)

On January 10, 2011, Plaintiffs' counsel confirmed Ms. Bryant's deposition for January 21, 2011, at the Houston, Texas, office of Defendants' counsel.  (Myles Decl., Ex. 3.)  Accordingly, on January 10, 2011, Defendants noticed Ms. Bryant's deposition for January 21, 2011, at 11:00 a.m. (Central Standard Time).  (Hobson Decl., Ex. F.)  At approximately 8:25 a.m. (CST) on January 21, 2011, Defendants' counsel, Micha Heilbrun, received a call from Ms. Bryant.  (Heilbrun Decl. ¶ 5.)[2]  Ms. Bryant informed Mr. Heilbrun that she "was not going to make it" because she could not get time off work.  (Heilbrun Decl. ¶¶ 5, 7.)

The parties postponed the deposition to 12:00 p.m., at which time Ms. Myles, counsel for Ms. Bryant, informed Mr. Heilbrun that Ms. Bryant called Plaintiffs' counsel's office and stated she was unable to attend the deposition.  (Heilbrun Decl. ¶¶ 10-11.)  The court reporter prepared "certificate of non-appearance."  (Hobson Decl., Ex. G.)  Ms. Myles indicated her intent to reschedule the deposition.  (Hobson Decl., Ex. G at 3:18-20.)

On January 31, 2011, at 3:40 p.m., before receiving notification of the instant Motion, Ms. Myles sent an e-mail to Defendants' counsel stating that Ms. Bryant was available to be deposed on February 3, 2011.  (Myles Decl., Ex. 5; see also Myles Decl., Ex. 6 (showing the Court-generated Notice of Electronic Filing sent on

_____

[2]  Plaintiffs assert Mr. Heilbrun's conversation with Ms. Bryant was an improper communication with a represented party.  The Court finds there is no merit at all to this contention.  (See Heilbrun Decl. ¶¶ 5-7.)

MINUTES FORM 11                                    Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                    Page 3

EDCV 06-00566-VAP(OPx)
JESS BATIZ; KEVIN HEINE v. AMERICAN COMMERCIAL SECURITY SERVICES; ABM INDUSTRIES, INCORPORATED; ABM SECURITY
SERVICES; SECURITY SERVICES OF AMERICAN
MINUTE ORDER of March 10, 2011

February 1, 2011, at 12:03 a.m.).)  Defendants' counsel declined to reschedule Ms.
Bryant's deposition.  (Myles Decl., Ex. 8.)

## II.  LEGAL STANDARD

Under Rule 41(b), a defendant may move to dismiss if the plaintiff fails to
comply with a court order.   Fed. R. Civ. P. 41(b).  A dismissal under Rule 41(b)
"must be supported by a showing of unreasonable delay."  Omstead v. Dell, Inc.,
594 F.3d 1081, 1084 (9th Cir. 2010) (citing Henderson v. Duncan, 779 F.2d 1421,
1423 (9th Cir.1986)).  In addition, the district court must weigh the following factors
in determining whether a Rule 41(b) dismissal is warranted: (1) the public's interest
in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
the risk of prejudice to the defendants; (4) the public policy favoring disposition of
cases on their merits and (5) the availability of less drastic sanctions.  Omstead, 594
F.3d at 1084; see also Bautista v. Los Angeles County, 216 F.3d 837 (9th Cir.
2000); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).
Before dismissing a case under Rule 41(b) the Court should consider whether less
drastic alternatives would suffice.  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.
1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).
Dismissal under Rule 41(b) is a sanction to be imposed only in "extreme
circumstances."  Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004)
(citing Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996)).

## III.  DISCUSSION

### A.   Dontae Knighton's Claims

Defendants request the Court dismiss Mr. Knighton's claims for his failure to
attend the January 19, 2011, deposition.  Plaintiffs do not oppose Defendants'
Motion as to Mr. Knighton.  (See Opp'n at 2 n.1.)  Accordingly, the Court GRANTS
Defendants' Motion and DISMISSES Mr. Knighton's claims without prejudice.

### B.   Delores Bryant's Claims

Defendants also move to dismiss Ms. Bryant's claims under Rule 41(b) for her
failure to comply with a Court order.  Under Rule 41(b), "[i]f the plaintiff fails to . . .
comply with . . . a court order, a defendant may move to dismiss the action or any
claim against it."  Fed. R. Civ. P. 41(b); see Yourish v. Cal. Amplifier, 191 F.3d 983,

EDCV 06-00566-VAP(OPx)
JESS BATIZ; KEVIN HEINE v. AMERICAN COMMERCIAL SECURITY SERVICES; ABM INDUSTRIES, INCORPORATED; ABM SECURITY
SERVICES; SECURITY SERVICES OF AMERICAN
MINUTE ORDER of March 10, 2011

987 (9th Cir. 1999) (affirming dismissal under Rule 41(b) where plaintiffs failed to amend their complaint timely after court, per stipulation of parties, ordered plaintiffs to amend their complaint within 60 days); McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal after plaintiffs failed to comply with order requiring them to file an amended complaint containing a more definite statement under Rule 12(e)); Al-Torki v. Kaempen, 78 F.3d 1381, 1383-84 (9th Cir. 1996) (affirming dismissal where a plaintiff failed to appear at trial and a status conference after district court ordered plaintiff to be present personally at an informal status conference and trial).  To dismiss a complaint under Rule 41(b), the Court first determines whether a party violated an order of the court.  See Yourish, 191 F.3d at 986 ("The first issue we must resolve is whether [the district judge's] 'minute order' was an order, the noncompliance with which justified dismissal under Rule 41(b) of the Federal Rules of Civil Procedure."); see also Boyce v. Schriro, No. 06-17153, 2008 WL 839717 (9th Cir. Mar. 24, 2008).

Here, the Court's October 12, 2010, Order did not specify by when Ms. Bryant must be deposed, nor was the portion of the Order pertaining to depositions directed at Ms. Bryant.[3]  (See Oct. 12, 2010, Order at 2.)  Accordingly, unlike Yourish, McHenry, Al-Torki, and Boyce, where a court dismissed a complaint under Rule 41(b) for violation of a previous order, here Ms. Bryant did not violate an order of this Court directed to her.  The Court therefore DENIES Defendants' Motion.

The Court ORDERS, however, that Ms. Bryant appear for her deposition on March 14, 2011, at 11 a.m. (CST), at the location stated on the record at the March 7, 2011, hearing; failure of Ms. Bryant or her counsel to attend the deposition will result in a dismissal of Ms. Bryant's claims.

---

[3] Although the deposition provision of October 12, 2010, Order was not directed at Ms. Bryant, the Order did require Ms. Bryant attend the mediation.  (Oct. 12, 2010, Order at 2.)  Ms. Bryant attended the required mediation, but her claims did not settle. (Myles Decl. ¶ 13.)

MINUTES FORM 11                          Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                    Page 5

EDCV 06-00566-VAP(OPx)
JESS BATIZ; KEVIN HEINE v. AMERICAN COMMERCIAL SECURITY SERVICES; ABM INDUSTRIES, INCORPORATED; ABM SECURITY
SERVICES; SECURITY SERVICES OF AMERICAN
MINUTE ORDER of March 10, 2011

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.  The Court DISMISSES Plaintiff Dontae Knighton's claims WITH PREJUDICE.  The Court ORDERS that Ms. Bryant be made available for a deposition no later than March 14, 2011, at 11 a.m. (CST), at the location stated on the record at the March 7, 2011, hearing.

**IT IS SO ORDERED.**