O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESS BATIZ, et al., | ) | Case No. EDCV 06-00566-VAP(OPx) |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| v. | ) | **IN PART** |
| | ) | |
| AMERICAN COMMERCIAL | ) | |
| SECURITY SERVICES, et. | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

Before the Court is a "Motion for Summary Judgment of the Claims of Plaintiff Gordon Narayan and Partial Summary Judgment as to Relevant Dates Worked by Plaintiff Nicole Nabinett" ("Motion") filed by Defendants American Continental Security Services, ABM Industries, Inc., ABM Security Services, and Security Services of America (collectively, "Defendants"). After consideration of the papers in support of, and opposition to, the Motion, and arguments advanced at the March 7, 2011, hearing, the Court GRANTS Defendants' Motion in part.

# I.   BACKGROUND

## A.   Procedural History

The parties are familiar with the factual and procedural history of this action, and the Court need not repeat it here, with limited exception.[1]  On January 17, 2008, Plaintiffs filed their Fourth Amended Complaint ("FAC"), identifying Nicole Nabinett ("Nabinett") and Gordon Narayan ("Narayan") as named Plaintiffs.  (See Doc. No. 108 (Fourth Am. Compl.) at ¶¶ 27, 30.)  On January 17, 2008, the Court also conditionally certified a nationwide class consisting of "[a]ll current or former nonexempt employees of [Defendants], who . . . worked more than forty hours in one work week and failed to receive overtime compensation . . . ."  (Doc. No. 106 ("Order Granting in Part and Den. in Part Pls.' Mot. for Conditional Class Certification") at 16.)

On September 22, 2010, the Court decertified the class on fairness and procedural grounds, due to Plaintiffs' lack of admissible class-wide damages evidence.  (See Sept. 22, 2010, Order at 8-10.)[2]  In the September 22, 2010, Order, the Court dismissed the opt-in

---

[1]  See, e.g., Doc. No. 225 (Sept. 22, 2010, Order) at 2-5 (describing the factual and procedural history in more detail).

[2]  Plaintiffs sought permission to file an interlocutory appeal of the September 22, 2010, Order, which the Court denied on February 24, 2011.  (See Doc. Nos. 225, 253.)

1  Plaintiffs without prejudice, but permitted the named
2  Plaintiffs, including Nabinett and Narayan, to proceed in
3  their individual capacities.  (Id. at 10.)

4

5      On September 28, 2010, the Court held a status
6  conference, and ordered, inter alia, that: (1) Plaintiffs
7  could propound additional discovery as to the named
8  Plaintiffs, which must be completed by no later than
9  January 14, 2011; and (2) Plaintiffs and Defendants could
10 file motions for summary judgment no later than January
11 31, 2011, with oppositions filed no later than February
12 14, 2011 and replies, if any, filed no later than
13 February 22, 2011.  (Doc. No. 229 ("October 12, 2010,
14 Order") at 2.)

15

16     Defendants filed the instant Motion on January 31,
17 2011, attaching the following documents in support of
18 their Motion:
19     1.   Declaration of Lynn Gilbert ("Gilbert
20          Declaration");
21     2.   Printout of an electronic mail message ("e-
22          mail") conversation between Kristine Curtiss and
23          Mark Smith, dated October 26, 2004 ("Ex. A");
24     3.   Payroll Summary Chart for Gordon Narayan ("Ex.
25          B");
26     4.   Printout capturing a screen-shot of Narayan's
27          Employee Master File ("Ex. C");
28

5.   Narayan's Internal Revenue Service Form W-2 for tax year 2004 ("Ex. D");

6.   Printout capturing a screen-shot of an Employee Master Inquiry for Nabinett ("Ex. E");

7.   Printout capturing a screen-shot of Nabinett's Employee Master File ("Ex. F");

8.   Nabinett's Internal Revenue Service Form W-2 for tax year 2005 ("Ex. G");

9.   Nabinett's Internal Revenue Service Form W-2 for tax year 2006 ("Ex. H");

10.  Payroll Detail Report for Nabinett ("Ex. I")

11.  Declaration of Dominic Messiha ("Messiha Declaration");

12.  Certified Deposition Transcript for December 16, 2010, Deposition of Gordon Narayan ("Narayan Depo.");

13.  Certified Deposition Transcript for December 14, 2010, Deposition of Nicole Nabinett ("Nabinett Depo.");

14.  Declaration of Courtney Hobson ("Hobson Decl."); and

15.  Defendants' Proposed Statement of Uncontroverted Facts and Conclusions of Law ("SUF").

On February 14, 2011, Plaintiffs filed their Opposition to Defendants' Motion, and attached the following documents:

1.    Statement of Genuine Issues of Material Fact
      ("SGI");

2.    Objections to Defendants' Evidence ("Plaintiffs'
      Objections");

3.    Declaration of André Jardini ("Jardini
      Declaration");

4.    Plaintiffs' Request for Production of Documents,
      Set Two, attached as Exhibit 1 to the Jardini
      Declaration ("Plaintiffs' RFP");

5.    Declaration of K.L. Myles ("Myles Declaration");

6.    Transcript Portions from the September 28, 2010,
      Status Conference ("September 28 Hearing
      Transcript");

7.    Copy of the Court's October 12, 2010, Order
      ("October 12 Order");

8.    Letter to Courtney Hobson from André Jardini,
      dated November 17, 2010 ("Ex. 3");

9.    Printout of an e-mail from K.L. Myles to
      Courtney Hobson, dated November 30, 2010 ("Ex.
      4");

10.   Declaration of Gordon Naryan, dated July 31,
      2007 ("Narayan Declaration");

11.   Survey completed by Nicole Nabinett, dated March
      9, 2010 ("Ex. 6");

12.   Deposition Transcript for December 16, 2010,
      Deposition of Gordon Narayan ("Narayan Depo.");

13. Additional portions of the Deposition Transcript for December 16, 2010, Deposition of Gordon Narayan ("Narayan Depo.");

14. Deposition Transcript for December 14, 2010, Deposition of Nicole Nabinett ("Nabinett Depo.");

15. Additional portions of the Deposition Transcript for December 14, 2010, Deposition of Nicole Nabinett ("Nabinett Depo.");

16. Employment records, personnel documents, and payroll records produced by Defendants on January 26 and 28, 2011, for Narayan ("Ex. 11");

17. Employment records, personnel documents, and payroll records produced by Defendants on January 26 2011, for Nabinett ("Ex. 12");

18. Declaration of Grace Corsini ("Corsini Declaration"); and

19. Declaration of Nicole Nabinett ("Nabinett Declaration").

On February 22, 2011, Defendants filed their "Response in Support of Motion" ("Reply"), and attached the "Declaration of Courtney Hobson in Support of Defendants' Reply" ("Hobson Reply Declaration").

**B.   Evidentiary Issues**

Before setting forth the uncontroverted facts in this action, the Court examines the admissibility of the evidence offered by both sides in support of, and opposition to, the Motion.  "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002); In re Oracle Corp. Sec. Litig., 627 F.3d 376, 385 (9th Cir. 2010) ("A district court's ruling on a motion for summary judgment may only be based on admissible evidence."); Hollingsworth Solderless Terminal Co. v. Turley 622 F.2d 1324, 1335 n. 9 (9th Cir. 1980); see also Fed. R. Civ. Proc. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must . . . set out facts that would be admissible in evidence . . . ."). The party seeking admission of a piece of evidence bears the burden of demonstrating its admissibility. Oracle, 627 F.3d at 385.

**1.   Exhibits B, C, E, F, and I**

Here, Defendants do not satisfy their burden of demonstrating the admissibility of Exhibits B, C, E, F, and I.  Defendants offer these Exhibits for the truth of their contents, rendering the Exhibits hearsay.  See Fed. R. Evid. 801(c).  Defendants appear to assert the Exhibits are subject to the business records exception under Federal Rule of Evidence 803(6).

> Under Rule 803(6), for a memorandum or record to be admissible as a business record, it must be (1) made by a regularly conducted business activity, (2) kept in the regular course of that business, (3) the regular practice of that business to make the memorandum, (4) and made by a person with knowledge or from information transmitted by a person with knowledge.

Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1258 (9th Cir. 1984) (internal quotations omitted) (citing Clark v. City of Los Angeles, 650 F.2d 1033, 1036-37 (9th Cir. 1981)).  Moreover, the writing must be made "by a person with knowledge at or near the time of the incident recorded."  Sea-Land Serv., Inc. v. Lozen Intern., LLC., 285 F.3d 808, 819 (9th Cir. 2002) (citing United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985)).

In support of Exhibit B's admission, the Gilbert Declaration states only that Ms. Gilbert is familiar with Defendants' payroll record keeping system, and that Exhibit B represents payroll summaries for Narayan for the years 2003 and 2004.  (Gilbert Decl. ¶ 6.)  The Gilbert Declaration does not state whether it is the regular practice of the business to generate the summaries, or that Exhibit B was made by a person with knowledge "at or near the time of the incident recorded." Sea-Land, 285 F.3d at 819.  Thus, Defendants have not demonstrated that Exhibit B is a business record under Rule 803(6).

1    Similarly, Defendants have not established that
2  Exhibits C, E, and F are business records under Rule
3  803(6).  The Gilbert Declaration states that "[i]n the
4  ordinary course of business, [Defendants] maintain
5  software programs that contain master data pertaining to
6  employees."  (Gilbert Decl. ¶ 7.)  The Gilbert
7  Declaration does not state, however, whether the data is
8  entered by a person with knowledge at or near the time of
9  the event recorded.  <u>Sea-Land</u>, 285 F.3d at 819.
10 Accordingly, Exhibits C, E, and F do not satisfy the
11 business records exception under Rule 803(6).

12

13    Finally, like Exhibit B, the Gilbert Declaration does
14 not support sufficiently Exhibit I's admissibility, as
15 the declaration does not state whether it is the regular
16 practice of the business to generate the summaries, or
17 that Exhibit I was made by a person with knowledge at or
18 near the time of the incident recorded.  Accordingly, as
19 with Exhibit B, Defendants have not satisfied their
20 burden of demonstrating Exhibit I is a business record
21 under Rule 803(6).

22

23    **2.  Exhibits D, G, and H**

24    Plaintiffs object to admission of Exhibits D, G, and
25 H, contending: (1) "[t]he evidence is prejudicial under
26 FRE 403;" (2) "[D]efendants cannot reply [sic] on
27 documents not previously identified or produced during

28

discovery;" and (3) "[D]efendants have failed to provide adequate explanation for [the] delayed disclosure, which has prejudiced [P]laintiffs."  (Pls.' Objections at 4, 5, 8, 9.)  The Court overrules Plaintiffs' objections.

     First, Plaintiffs misstate the standard under Rule 403.  The standard under Rule 403 is not whether "evidence is prejudicial," as Plaintiffs contend, but rather whether the evidence's "probative value is substantially outweighed by the danger of unfair prejudice."  Fed. R. Evid. 403 (emphases added).  Here, evidence demonstrating the dates Narayan and Nabinett worked is highly probative as to whether Narayan's and Nabinett's claims were made timely, or fall outside the statute of limitations.  Moreover, the unfair prejudice here is minimal as Narayan's 2004 W-2 form, and Nabinett's 2005 and 2006 W-2 forms are documents that Nabinett and Narayan would have received before they joined the action in January 2008.  See 26 U.S.C. § 6051 (requiring an employer "furnish to each . . . employee . . . on or before January 31 . . . a written statement [(i.e., W-2 form)]" reflecting the remuneration received during the last calendar year.).  As Plaintiffs do not articulate how the unfair prejudice substantially outweighs the probative value of Narayan's and Nabinett's W-2 forms, Plaintiffs' Rule 403 objection lacks merit.

1    Plaintiffs also contend Defendants cannot rely on
2    documents not previously identified or produced during
3    discovery, citing <u>Linde v. Arab Bank, PLC</u>, 269 F.R.D.
4    186, 207 (E.D.N.Y. 2010).  In <u>Linde</u>, after the defendant
5    refused to comply with court orders requiring production
6    of documents, the plaintiffs filed a motion with the
7    court, which sanctioned the defendant under Federal Rule
8    of Civil Procedure 37(b).  269 F.R.D. at 194, 202.
9    Unlike <u>Linde</u>, here Plaintiffs have not filed any motions
10   under Rule 37 requesting sanctions for Defendants'
11   purportedly-untimely disclosures of Exhibits D, G, and H.
12   Accordingly, <u>Linde</u> is inapplicable.

13

14   Under Rule 37(c)(1), however, a court may, <u>sua</u>
15   <u>sponte</u>, exclude evidence that a party failed to disclose
16   under Rules 26(a) or 26(e).  Nevertheless, to the extent
17   Plaintiffs rely on Rule 37(c) to exclude Exhibits D, G,
18   and H, they do so in vain.  Rule 37(c)(1) provides,

> If a party fails to provide information or
> identify a witness as required by Rule 26(a)
> or 26(e), the party is not allowed to use that
> information or witness to supply evidence on
> a motion, at a hearing, or at a trial, unless
> the failure was substantially justified or is
> harmless.

23   Fed. R. Civ. P. 37(c)(1).  "This particular subsection,
24   implemented in the 1993 amendments to the Rules, is a
25   recognized broadening of the sanctioning power.  The
26   Advisory Committee Notes describe it as a
27   'self-executing,' 'automatic' sanction to 'provide[ ] a

28

strong inducement for disclosure of material . . . .'"
Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d
1101, 1106 (9th Cir. 2001) (citations omitted).  The Rule
applies even where a party does not violate an explicit
court order, "and even absent a showing in the record of
bad faith or willfulness."  Id.  Rule 37(c)(1) was
amended in 2000 to "explicitly add[] failure to comply
with Rule 26(e)(2) as a ground for sanctions under Rule
37(c)(1), including exclusion of withheld materials."
Fed. R. Civ. P. 37 Advisory Committee's Note (2000).
Nevertheless, "[t]wo express exceptions ameliorate the
harshness of Rule 37(c)(1): The information may be
introduced if the parties' failure to disclose the
required information is substantially justified or
harmless."  Yeti, 259 F.3d at 1106.

    Even assuming, without deciding, that Defendants
disclosed Exhibits D, G, and H, untimely in violation of
Rule 37(c)(1), the Court finds any tardiness in
disclosure was harmless.  As stated above, Exhibits D, G,
and H, are W-2 forms that Narayan and Nabinett would have
received before becoming named Plaintiffs in this action;
tellingly, neither Narayan nor Nabinett assert they did
not receive the W-2 forms.  Accordingly, Plaintiffs are
not harmed by the allegedly-untimely disclosure of
documents already in Plaintiffs' possession.  Thus,

Plaintiffs' argument that Exhibits D, G, and H, should be excluded as untimely lacks merit.

Plaintiffs' related argument that Defendants' failure "to provide adequate explanation for [the] delayed disclosure" prejudiced Plaintiffs similarly lacks merit, as Plaintiffs do not articulate how untimely disclosure of documents already in Plaintiffs' possession prejudiced Plaintiffs.

In sum, the Court overrules Plaintiffs' objections to Defendants' Exhibits D, G, and H.

### 3.   Defendants' Exhibits 106 and 107 Attached to Nabinett's Deposition

In support of their Motion, Defendants included documents introduced as Exhibits 106 and 107 at Nabinett's Deposition, which are purportedly documents from Nabinett's personnel records with Defendants that establish Nabinett's employment was terminated effective September 19, 2006.  (See SUF 19; Nabinett Depo. 62:10-66:21; Nabinett Depo., Exs. 106, 107.)  Defendants do not satisfy their burden of demonstrating the admissibility of Exhibits 106 and 107.  Under Federal Rule of Evidence 901, authentication of an exhibit is a condition precedent to admissibility, and "is satisfied by evidence sufficient support a finding that the" document is what

its proponent claims.  Fed. R. Evid. 901.  Defendants
have not offered any evidence supporting their assertion
that these documents are what Defendants claim.
Accordingly, Exhibits 106 and 107 to Nabinett's
deposition are not authenticated properly, and are
therefore inadmissible.

Moreover, even if the documents were authenticated
properly, Defendants offer these Exhibits for the truth
of their contents, rendering the Exhibits hearsay.  See
Fed. R. Evid. 801(c).  Defendants do not, however, assert
that any hearsay exceptions apply.  Accordingly, as
Defendants have not articulated a hearsay exception for
Exhibits 106 and 107, the exhibits are inadmissible
hearsay.

**4.   Plaintiffs' Evidence**

In support of their Opposition, Plaintiffs submit
several transcripts of court proceedings and depositions.
Specifically, Plaintiffs attached:

1.   Transcript Portions from the September 28, 2010,
     Status Conference;

2.   Deposition Transcript portions for December 16,
     2010, Deposition of Gordon Narayan; and

3.   Deposition Transcript portions for December 14,
     2010, Deposition of Nicole Nabinett

Plaintiffs did not, however, authenticate the transcript exhibits properly.

To authenticate a transcript, or portion thereof, a party must "identif[y] the names of the deponent and the action and include[] the reporter's certification that the deposition is a true record of the testimony of the deponent."  Orr, 285 F.3d at 774; see also Fed. R. Civ. P. 30(f)(1) ("The [reporter's] certificate must accompany the record of the deposition.").  Here, Plaintiffs do not attach reporters certifications to any of their transcript portions.  Accordingly, as Plaintiffs have not authenticated the attached transcript portions properly, they are inadmissible.[3]

## C.   Uncontroverted Facts

The following material facts are supported adequately by admissible evidence and are uncontroverted.  They are "admitted to exist without controversy" for purposes of the Motion.  L.R. 56-3.

### 1.   Gordon Narayan's Employment

Narayan began his employment with Defendants in 2003. (SUF 1; Narayan Depo. 31:18-19; SGI 1.)  While working

---

[3] The Court has, nevertheless, reviewed these inadmissible transcript portions and finds that even if this testimony was admissible, it would not alter the Court's analysis or raise any genuine issues of material fact.

15

for Defendants, Narayan worked exclusively at Defendants'
Microsoft Redmond Campus in the Seattle, Washington area
("Defendants' Microsoft Campus").  (SUF 2, 11; Narayan
Depo: 30:24-31:11, 58:3-7; SGI 2.)  Defendants' Microsoft
Campus has been closed since June 2005.  (SUF 12; Gilbert
Decl. ¶ 4.)[4]

In a declaration filed with the Court, Narayan
indicated that he was discharged in 2005.  (SUF 7;
Narayan Decl. ¶ 4; SGI 7.)  During Narayan's deposition,
however, he stated that he continued to work for
Defendants until 2006.  (SUF 6; Narayan Depo. 31:18-21;
SGI 6.)  Narayan has not produced any documentation
during this litigation demonstrating that he worked for
Defendants beyond 2004.  (SUF 10; Messiha Decl. ¶ 11; SGI
10.)  Moreover, when Defendants deposed Narayan, he did
not identify any documentation establishing that he

_____

[4] Plaintiffs dispute this fact "to the extent that
defendants attempt to use the fact that [Defendants'
Microsoft Campus] has been closed in June 2005 to argue
that Mr. Narayan was not employed by [D]efendants through
the statutory period."  (SGI 12.)  Plaintiffs do not,
however, offer any evidence or declarations in support of
their dispute.  Under Local Rule 56-3 a court may assume
a fact exists without controversy unless the fact is "(a)
included in the "Statement of Genuine Disputes" [(i.e.,
SGI)] and (b) controverted by declaration or other
written evidence filed in opposition to the motion."
L.R. 56-3.  Here, Plaintiffs filed no "declaration or
other written evidence" that controverts the closure date
of Defendants' Microsoft Campus.  Accordingly, the
closure date for Defendants' Microsoft Campus is deemed
admitted without controversy.

16

worked for Defendants in 2006.  (SUF 9; Narayan Depo. 32:3-10, 90:8-19; SGI 9.)

Narayan became a party to this action on January 17, 2008.  (SUF 16; SGI 16; FAC ¶ 30.)

### 2.  Nicole Nabinett's Employment

Nabinett began her employment with Defendants in May 2005, and worked as a security officer at various locations in the Washington, D.C. area.  (SUF 17, 18; Nabinett Depo. 51:4-25, 91:22-92:21; SGI 17, 18.) Nabinett alleged she worked for Defendants through July 2008.  (SUF 26; Nabinett Depo. 8:24-9:9; SGI 26.)  At her deposition, Nabinett stated she did not keep any documents demonstrating that she was employed by Defendants past August 9, 2006.  (SUF 24; Nabinett Depo. 70:10-17; SGI 24.)  Nabinett has not produced any documents demonstrating she worked for Defendants beyond September 2006.  (SUF 25; Messiha Decl. ¶ 11; SGI 25.)

Nabinett became a party to this action on January 17, 2008.  (SUF 27; SGI 27; FAC ¶ 27.)

### D.  Disputed Facts

The parties dispute when Narayan's and Nabinett's employment with Defendants ended.  Defendants contend Narayan's employment with Defendants ended in 2004, while

Plaintiffs assert that Narayan worked for Defendants
through January 18, 2005.  (SUF 3; Ex. D; SGI 4, 5, 15.)
Similarly, Defendants contend Nabinett's employment with
Defendants ended on September 19, 2006, (SUF 19; Exs. G &
H), but according to Plaintiffs, Nabinett worked for
Defendants through 2008.  (SGI 19, 20, 22.)

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment shall be granted when
there is no genuine issue as to any material fact and the
moving party is entitled to judgment as a matter of law.
Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 247-48 (1986).  The moving party must show
that "under the governing law, there can be but one
reasonable conclusion as to the verdict." Anderson, 477
U.S. at 250.

Generally, the burden is on the moving party to
demonstrate that it is entitled to summary judgment.
Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998);
Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707
F.2d 1030, 1033 (9th Cir. 1983).  The moving party bears
the initial burden of identifying the elements of the
claim or defense and evidence that it believes
demonstrates the absence of an issue of material fact.
Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case.  <u>Celotex</u>, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out there is an absence of evidence supporting the non-moving party's case.  <u>Id.</u>

The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial.  Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324; <u>Anderson</u>, 477 U.S. at 256.  The non-moving party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial.  <u>Celotex</u>, 477 U.S. at 322; <u>Anderson</u>, 477 U.S. at 252; <u>see</u> <u>also</u> William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u>, 14:144.  "This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence."  <u>In re Oracle Corp. Securities Litigation</u>, 627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Anderson</u>, 477 U.S. at 252).  "The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  <u>In re Oracle</u>, 627 F.3d at 387 (citing <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.   In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party.   Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991); T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

## III.   DISCUSSION

Defendants argue they are entitled to summary judgment as to Narayan and partial summary judgment as to Nabinett.   Defendants first contend Nabinett's claims for violations of the Fair Labor Standards Act ("FLSA") are barred by the FLSA's statute of limitations.   Defendants also contend there is no genuine issue of material fact as to the date Nabinett's employment with Defendants ended.

## A.   FLSA Statute of Limitations

The statute of limitations for an FLSA action for overtime pay is codified in 29 U.S.C. § 255.   Under § 255,

> an action must be commenced 'within two years after the cause of action accrued,' unless the cause of action arises 'out of a willful violation.' 29 U.S.C. § 255(a). In the case of a willful violation, the limitations period is extended to three years. Id. A new cause of action accrues at each payday

immediately following the work period for which compensation is owed. <u>See, e.g.</u>, <u>O'Donnell v. Vencor Inc.</u>, 466 F.3d 1104, 1113 (9th Cir.2006) (addressing the statute of limitations under 29 U.S.C. § 255).

<u>Dent v. Cox Comm. Las Vegas, Inc.</u>, 502 F.3d 1141, 1144 (9th Cir. 2007).  "A violation of the FLSA is willful if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'"  <u>Chao v. A-1 Med. Servs., Inc.</u>, 346 F.3d 908, 918 (9th Cir. 2003) (quoting <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 133 (1988)).  "If an employer acts unreasonably, but not recklessly, in determining its legal obligation" under the FLSA, its action is not willful.  <u>McLaughlin</u>, 486 U.S. at 135 n. 13.

Here, Plaintiffs seek unpaid overtime under the FLSA. (<u>See, e.g.</u>, FAC ¶¶ 40, 55-67.)  Moreover, Plaintiffs claim Defendants recklessly, willfully, and intentionally failed to pay Plaintiffs the required overtime.  (FAC ¶¶ 59, 63.)  Accordingly, as Plaintiffs allege willful violations of the FLSA, the maximum applicable statute of limitations is three years from the date Plaintiffs' cause of action accrued.  <u>Dent</u>, 502 F.3d at 1144; <u>see also</u> Mot. at 7, 10.

**B.  Gordon Narayan's Claims**

Defendants argue the FLSA statute of limitations bars Narayan's claims completely, entitling Defendants to

1   summary judgment.  Narayan joined this action on January
2   18, 2008.  (SUF 16.)  Accordingly, under the FLSA's
3   three-year statute of limitations, Narayan's claims must
4   have accrued no later than January 18, 2005.  Dent, 502
5   F.3d at 1144.

7       Defendants assert there is no genuine issue of
8   material fact that Narayan's employment with Defendants
9   ended in 2004, rendering Narayan's claims time-barred.
10  In support of their assertion, Defendants rely on the
11  Gilbert Declaration and Narayan's W-2 form (Exhibit D).
12  Defendants' Division Director of Human Resources, Lynn
13  Gilbert, reviewed personnel documents pertaining to
14  Narayan, and stated that he "was one of several employees
15  selected for a layoff from [Defendants'] Microsoft Campus
16  in 2004."  (Gilbert Decl. ¶¶ 2, 3, 5.)  Additionally,
17  Defendants conducted a search of their electronic tax
18  records for Narayan for the years 2004, 2005, and 2006,
19  and located a copy of Narayan's 2004 W-2 form.  (Gilbert
20  Decl. ¶ 9; Ex. D.)  Defendants could not locate any W-2
21  forms for Narayan for the years 2005 or 2006.  (Gilbert
22  Decl. ¶ 9.)

24      The Court finds that the Gilbert Declaration and
25  Narayan's W-2 form for 2004, in conjunction with the lack
26  of W-2 forms showing Narayan worked in 2005 or 2006,
27  demonstrate sufficiently that Narayan's employment with
28

1    Defendants ended in 2004.  Defendants therefore have

2    satisfied their burden of demonstrating they are entitled

3    to summary judgment.  Accordingly, the burden shifts to

4    Plaintiff to make an affirmative showing that there is a

5    genuine issue of material fact to be resolved at trial.

6    Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324

7

8        Here, the only evidence Plaintiffs offer to counter

9    Defendants' evidence is Narayan's Deposition testimony

10   and his Declaration.  At Narayan's deposition, he

11   testified that he worked for Defendants from "2003 to

12   2006."  (Narayan Depo. 31:18-21.)  In his declaration,

13   Narayan stated that he began working for Defendants in

14   2002, and "[i]n 2005 [he] was fired by [Defendants]."

15   (Narayan Decl. ¶¶ 2,4.)  Narayan has not produced any

16   documentation supporting Plaintiffs' contention that he

17   worked for Defendants beyond 2004; nor was Narayan able

18   to identify documentation at his deposition that

19   indicated he worked for Defendants in 2006.  (SUF 9, 10;

20   SGI 9, 10.)

21

22       Moreover, Narayan's conclusory deposition testimony

23   that he worked for Defendants until 2006 cannot satisfy

24   his burden of raising a genuine issue of material fact,

25   in light of the undisputed facts here.  The parties do

26   not dispute that while employed by Defendants, Narayan

27   worked at Defendants' Microsoft Campus exclusively.  (SUF

28

2; Narayan Depo: 30:24-31:11, 58:3-7.)  It is also
undisputed that Defendants' Microsoft Campus has been
closed since June 2005.  (SUF 12; see also Section
I.C.1., n. 4, supra.)  Thus, given the undisputed facts,
Narayan could not have worked for Defendants after June
2005.  Accordingly, Narayan's conclusory deposition
testimony that he worked for Defendants until 2006 does
not create a genuine issue of material fact.

Plaintiffs nevertheless contend Narayan's Deposition
and Declaration alone are sufficient to create a genuine
issue of material fact, citing Rodriquez v. Airborne
Express, 265 F.3d 890 (9th Cir. 2001) and Cornwell v.
Electra Central Credit Union, 439 F.3d 1018 (9th Cir.
2006).  Plaintiffs rely on these authorities in vain.

In Rodriquez, the court rejected the defendant's
argument that the plaintiff's "'self-serving affidavit'
is insufficient to create a triable issue of fact," and
noted that "self-serving affidavits are cognizable to
establish a genuine issue of material fact so long as
they state facts based on personal knowledge and are not
too conclusory."  265 F.3d at 902.  Unlike Rodriquez,
however, where the affidavit "set[] forth the facts . . .
with great specificity," Narayan's deposition testimony
and declaration state only the date Narayan's employment
purportedly ended.  Neither Narayan's deposition

testimony nor his declaration provide additional factual
detail supporting his conclusory assertion regarding the
date his employment with Defendants ended.

Plaintiffs rely on Cornwell for the proposition that
"The Ninth Circuit 'has long held that a plaintiff may
defeat summary judgment with his or her own deposition.'"
(Opp'n at 3 (purportedly citing Cornwell, 439 F.3d at
1029).)  Plaintiffs' reference to Cornwell is incorrect;
the case does not contain the language Plaintiffs cite.[5]
Rather, the cited language is from the Seventh Circuit in
Paz v. HealthCare and Rehabilitation Center, LLC, 464
F.3d 659, 664 (7th Cir. 2006), which Plaintiffs also
cite.

In Paz, the Seventh Circuit reversed a district
court's grant of summary judgment, holding that "a
plaintiff may defeat summary judgment with his or her own
deposition."  464 F.3d at 665.  In support of this
holding, the Paz court relied, in part, on Payne v.
Pauley, 337 F.3d 767 (7th Cir. 2003).  Paz, 464 F.3d at
664-65.  In Payne, the court held that "self-serving

---

[5]   Cornwell is also distinguishable from our case.
The Cornwell court addressed the evidentiary standard for
circumstantial evidence used to establish that a
defendant's nondiscriminatory explanation for terminating
an employee is a pretext for racial discrimination.   439
F.39 at 1029.   Plaintiffs do not assert a claim for
racial discrimination, nor do Plaintiffs rely on
circumstantial evidence.   Accordingly, Cornwell is
inapplicable here.

testimony cannot support a claim if the testimony is . . . 'inherently implausible.'"  <u>Darchak v. City of Chicago Bd. of Educ.</u>, 580 F.3d 622, 631 (7th Cir. 2009) (describing the holding in <u>Payne</u>).

Here, Narayan's testimony is "inherently implausible."  <u>Payne</u>, 337 F.3d at 773. The dates Narayan claimed he worked changed between his declaration and his deposition, Narayan's deposition testimony regarding the date he ended his employment with Defendants conflicts with the undisputed facts, and Narayan has not produced, nor could he identify any documents demonstrating he worked for Defendants on or after January 18, 2005. Accordingly, to the extent <u>Payne</u> is persuasive authority, Narayan's deposition testimony and declaration do not create a genuine issue of material fact, as they are "inherently implausible."

This finding is in accord with the binding authority in this circuit.  In <u>F.T.C. v. Neovi, Inc.</u>, 604 F.3d 1150, 1159 (9th Cir. 2010), a district court granted summary judgment in favor of the plaintiff despite a declaration from one of the defendant's executives.  604 F.3d at 1159.  The Ninth Circuit affirmed, holding "[s]pecific testimony by a single declarant can create a triable issue of fact, but the district court was correct that it need not find a genuine issue of fact if, in its

determination, the particular declaration was
'uncorroborated and self-serving.'"  Id. (citing
Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061
(9th Cir. 2002)).

     Like the testimony in Neovi, here, Narayan's
deposition testimony and declaration are self-serving and
uncorroborated.  Neovi, 604 F.3d at 1159; cf. McSherry v.
City of Long Beach, 584 F.3d 1129, 1138 (9th Cir. 2009)
("Summary judgment requires facts, not simply unsupported
denials . . . ."); Addisu v. Fred Meyer, Inc., 198 F.3d
1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or
evidence that is merely colorable . . . does not present
a genuine issue of material fact.")  Accordingly,
Narayan's deposition testimony and declaration do not
create a genuine issue of material fact.  The Court
therefore finds Defendants have established conclusively
that they did not employ Narayan after 2004.

     Narayan joined this action on January 18, 2008.
Under the FLSA's three-year statute of limitations,
Narayan's claims must have accrued no later than January
18, 2005.  Dent, 502 F.3d at 1144.  As Defendants did not
employ Narayan after 2004, any claims accrued more than
three years before Narayan joined the action and are,
accordingly, barred.  The Court therefore GRANTS

1 │ Defendants' Motion as to Gordon Narayan and DISMISSES his
2 │ claims with prejudice.

3 │

4 │ **C.   Nicole Nabinett's Claims**

5 │      Defendants seek a determination that Nabinett may
6 │ seek relief only for those claims running from the
7 │ maximum limitations period to the end of her employment
8 │ with Defendants in September 2006.  (Mot. at 10.)  The
9 │ parties do not dispute that Nabinett began working for
10 │ Defendants in May 2005, and became a party to this action
11 │ on January 17, 2008.  (SUF 17, 27; SGI 17, 27.)  As
12 │ Nabinett began her employment with Defendants within
13 │ three years of becoming a party to this suit, none of
14 │ Nabinett's claims are barred by the FLSA's three-year
15 │ statute of limitations.  <u>Dent</u>, 502 F.3d at 1144.  The
16 │ inquiry as to Nabinett, therefore, is when her employment
17 │ with Defendants ended.

18 │

19 │      Defendants assert there is no genuine issue of
20 │ material fact that Nabinett's employment with Defendants
21 │ ended on September 19, 2006.  In support of their
22 │ assertion, Defendants rely on the Gilbert Declaration,
23 │ Nabinett's W-2 forms for tax years 2005 and 2006, the
24 │ absence of W-2 forms for Nabinett for tax years 2007 and
25 │ 2008, and Nabinett's failure to produce or identify any
26 │ documents demonstrating she worked for Defendants after
27 │ September 2006.

28 │

Defendants' Division Director of Human Resources,
Lynn Gilbert, reviewed personnel documents pertaining to
Nabinett.  (Gilbert Decl. ¶ 3.)   The Gilbert Declaration
contains several statements summarizing the contents of
Exhibits, but does not contain any independent statements
reflecting Ms. Gilbert's personal knowledge of Nabinett's
employment dates.  (See, e.g., Gilbert Decl. ¶ 12 ("The
summary shows . . . .").)

Nevertheless, the Gilbert Declaration also states
that Defendants conducted a search "for all IRS Form W-2s
issued to Nicole Nabinett by Defendants in the years
2005, 2006, 2007 and 2008."  (Gilbert Decl. ¶ 11.)
Defendants located a copy of Nabinett's 2005 and 2006 W-2
forms.  (Id.; Exs. G, H.)  Defendants could not locate
any W-2 forms for Nabinett for the years 2007 or 2008.
(Gilbert Decl. ¶ 11.)[6]  Moreover, it is undisputed that

---

[6] Plaintiffs dispute this statement, contending
"Paragraph 11 of [the Gilbert Declaration] does not state
whether any IRS W-2 forms were located for Ms. Nabinett
in 2008."  (SGI 22.)  The Gilbert Declaration, Paragraph
11, states in relevant part,

> A search was conducted for all IRS Form W-2s issued
> to Nicole Nabinett by Defendants in the years 2005,
> 2006, 2007 and 2008.  IRS Form W-2s were issued to
> Nabinett in 2005 and 2006.  No such forms were
> located for the years 2006 or 2007.  True and correct
> copies of Nabinett's 2005 and 2006 IRS Form W-2s . .
> . are attached respectively hereto as Exhibits "G"
> and "H."

Further, Exhibits G and H appear to be Nabinett's 2005
and 2006 W-2 forms.  Plaintiffs are correct that the
Gilbert Declaration does not state whether any IRS Form
W-2 was found for 2008.  The Court assumes this is a
(continued...)

29

1  Nabinett has not produced any documents establishing she

2  worked for Defendants beyond September 2006, nor could

3  she identify any documentation establishing she worked

4  for Defendants through 2008.  (SUF 24, 25; SGI 24, 25.)

5

6      The Court finds that the presence of W-2 forms for

7  2005 and 2006, in conjunction with the lack of W-2 forms

8  demonstrating Nabinett worked for Defendants in 2007 or

9  2008 and Nabinett's inability to identify or produce

10 documents demonstrating she worked for Defendants past

11 September 2006, demonstrates sufficiently that Nabinett's

12 employment with Defendants ended in September 2006.

13 Defendants therefore have  satisfied their burden of

14 demonstrating they are entitled to summary judgment by

15 "pointing out . . . that there is an absence of evidence

16 to support the nonmoving party's case." Celotex, 477

17 U.S. at 325; see also Soremekun v. Thrifty Payless, Inc.,

18 509 F.3d 978, 984 (9th Cir. 2007) (affirming the

19 _____

20      [6](...continued)
   typographical error.

21
       The Gilbert Declaration states that no W-2 "forms
22 were located for the years 2006 or 2007."  (Gilbert Decl.
   ¶ 11.)  Yet, Defendants identify and attach Nabinett's W-
23 2 form for 2006 as Exhibit G.  Accordingly, it appears
   the sentence in paragraph 11 stating no "forms were
24 located for the years 2006 or 2007" should read "forms
   were located for the years 2007 or 2008."  Indeed, this
25 reading comports with the facts alleged here, as neither
   party contends Nabinett worked for Defendants in 2006,
26 ceased working for Defendants throughout 2007, and then
   resumed her employment with Defendants in 2008.  Thus,
27 the Court assumes paragraph 11 contains a typographical
   error, and that no W-2 forms were found for Nabinett for
28 2007 or 2008.

1  continued validity of <u>Celotex</u> and holding "On an issue as
2  to which the nonmoving party will have the burden of
3  proof, however, the movant can prevail merely by pointing
4  out that there is an absence of evidence to support the
5  nonmoving party's case.").   Accordingly, as Defendants
6  have satisfied their initial burden, the burden shifts to
7  Plaintiff to make an affirmative showing that there is a
8  genuine issue of material fact to be resolved at trial.
9  Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324

10

11      Here, Nabinett's statements are the only evidence
12  Plaintiffs offer to counter Defendants' evidence.
13  Specifically, Plaintiffs offer Nabinett's deposition
14  testimony, a survey she completed during this litigation,
15  and her declaration.   Nabinett testified during her
16  deposition that she worked for Defendants through 2008.
17  (Nabinett Depo. 8:19-9:9.)   Additionally, in a survey
18  dated March 9, 2010, Nabinett stated her "Approximate
19  date[s] [of employment with Defendants were] May 2005 to
20  April 2008."  (Ex. 6 at 1.)   Finally, in a declaration
21  signed on February 8, 2011, Nabinett stated "In or around
22  July 2008, [she] concluded her employment with
23  [Defendants]."  (Nabinett Decl. ¶ 3.)   Nabinett was
24  unable to produce or identify any documents, however,
25  that could corroborate her assertions that she worked for
26  Defendants through 2008.   (SUF 24, 25; SGI 24, 25.)

27

28

1    Where, as here, the only evidence Plaintiffs offer is
2  "uncorroborated and self-serving," Plaintiffs have not
3  satisfied their burden of demonstrating a genuine issue
4  of fact exists as to the date Nabinett left Defendants
5  employ.  <u>Neovi</u>, 604 F.3d at 1159.

6

7    Nevertheless, while Defendants have demonstrated
8  Nabinett's employment did not continue beyond September
9  2006, Defendants have not provided admissible evidence
10  demonstrating when in September 2006 Nabinett's
11  employment with Defendants ended.  Accordingly, the Court
12  GRANTS Defendants' Motion as to Nicole Nabinett in part;
13  Defendants have established conclusively that Nabinett
14  worked for Defendants until September 2006.

15

16              **IV.   CONCLUSION**
17    For the foregoing reasons, the Court finds Defendants
18  are entitled to summary judgment on Gordon Narayan's
19  claims.  As Narayan's claims are barred by the FLSA
20  statute of limitations, the Court DISMISSES his claims
21  WITH PREJUDICE.

22

23    The Court also finds Defendants are entitled to
24  summary adjudication on Nabinett's claims, i.e.,

25

26

27

28

1  Defendants have established conclusively Nabinett worked

2  for Defendants until September 2006.  Plaintiffs may not

3  assert otherwise at trial or in future motions.

4

5

6  Dated: <u>March 9, 2011</u>        _____

7                                    VIRGINIA A. PHILLIPS
                                 United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

33